UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAMON PATTERSON                                              CIVIL ACTION

VERSUS                                                       NO. 11-3124

CITY OF N.O., ET AL.                                         SECTION "J"(1)

### O R D E R

Before the Court are pro se Plaintiff Damon Patterson's Objection (Rec. Doc. 28) to the United States Magistrate Judge's Partial Report and Recommendation (Rec. Doc. 27), that his claims against the City of New Orleans and the New Orleans Police Department be dismissed as frivolous and/or for failure to state a claim upon which relief can be granted. The Court, having reviewed de novo the complaint, the record, the applicable law, the Partial Report and Recommendation of the United States Magistrate Judge, and Patterson's objections thereto, hereby approves the Partial Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.

In his objection to the Magistrate Judge's Report and Recommendation, Patterson seeks to clarify the allegations of his Complaint in an effort to cure his initial failure to adequately plead that a City policy or custom was the moving force behind the deprivation of his constitutional rights. Patterson essentially claims that he had filed a complaint with the New Orleans Public Integrity Bureau regarding a prior incident of improper behavior by one of his arresting officers, Sergeant Wax, and that New Orleans Police Superintendent Ron Serpas had notice of this complaint approximately seven days before Sergeant Wax and others used excessive force to effect his arrest on October 4, 2011. Even assuming that these additional allegations are true, however, they do nothing to undermine the Magistrate Judge's previous conclusion that he has failed to identify an

alleged policy or custom that was the moving force behind the violation of his constitutional rights. "Isolated violations are not the persistent, often repeated, constant violations, that constitute custom and policy as required for municipal section 1983 liability." <u>Bennett v. City of Slidell</u>, 728 F.2d 762, 768 n. 3 (5th Cir. 1984).  Accordingly,

**IT IS ORDERED** that plaintiff's claims against the City of New Orleans and the New Orleans Police Department be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim on which relief may be granted.

New Orleans, Louisiana, this  16th  day of         April        , 2012.

_____
**UNITED STATES DISTRICT JUDGE**