**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**DAMON PATTERSON**                                         **CIVIL ACTION**

**VERSUS**                                                          **NO. 11-3124-SS**

**CITY OF N.O., ET AL.**

<u>**ORDER AND REASONS**</u>

Plaintiff, Damon Patterson, filed this civil action pursuant to 42 U.S.C. § 1983.  He named

as defendants the City of New Orleans, the New Orleans Police Department, and Police Officers

Bradley Wax, Theresa Morris, Jason Hickman, Wesley Humbles, and Raphael Dobard.  In this

lawsuit, plaintiff asserted claims for false arrest and excessive force.  On April 16, 2012, the claims

against the City of New Orleans and the New Orleans Police Department were dismissed with

prejudice.[1]  The parties have consented to the jurisdiction of the undersigned United States

Magistrate Judge.[2]

On July 31, 2012, the remaining defendants filed a motion to stay these proceedings pending

resolution of plaintiff's state criminal proceedings,[3] and plaintiff opposed that motion on or about

---

[1]     Rec. Doc. 29.

[2]     Rec. Doc. 38.

[3]     Rec. Doc. 50.

November 7, 2012.[4]  When the motion came under submission at that point, it appeared to the Court that plaintiff's state criminal proceedings may have been resolved during the prolonged delay between the filing of the motion and the filing of plaintiff's opposition.  The Court therefore ordered defendants to notify the Court of the status of the state criminal proceedings and, if those proceedings had been resolved in plaintiff's favor, whether the request for a stay was now moot. The Court further ordered that, if the state proceedings had resulted in plaintiff's conviction, defendants were to file a motion for summary judgment, if appropriate.[5]  On December 14, 2012, defendants filed a motion for summary judgment.[6]  Plaintiff has opposed that motion.[7]

In reviewing a motion for summary judgment, the Court may grant the motion when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).  There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant.  Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

"Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it

---

[4]    Rec. Docs. 63 and 64.

[5]    Rec. Doc. 65.

[6]    Rec. Doc. 66.  In that motion, defendants also sought dismissal of the claims against the City of New Orleans and the New Orleans Police Department pursuant to Fed.R.Civ.P. 12(c).  However, that portion of the motion will be denied as moot, in that the claims against those defendants have already been dismissed with prejudice.  Rec. Doc. 29.

[7]    Rec. Doc. 71.

believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). The Court has no duty to search the record for evidence to support a party's opposition to summary judgment; rather, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

In the instant case, plaintiff made the following allegations: The police officers sued herein responded to a "false Domestic Disturbance call" on October 4, 2011. Awakened when the officers entered the house, plaintiff was in fear for his life. Unarmed, he exited the house "while being beaten by the officers and Tazered uncountable times and peppered sprayed uncountable times." He was apprehended, restrained, and beaten. Paramedics arrived on the scene, intervened in altercation, and transported him to the hospital. He sustained multiple injuries in the altercation and must now use a wheelchair.

3

In support of their motion for summary judgment, defendants have submitted affidavits which offer a very different version of the events of October 4, 2011.  For example, defendant Morris stated in her affidavit:

3.      On October 4, 2011 I was assigned to the Fourth District as a Patrol Officer when I was dispatched to 1218 Kabel Dr., New Orleans in reference to a domestic disturbance involving Damon Patterson.

4.      I arrived on the scene first and Officer Jason Hickman was dispatched to assist.  We met with the complainant, Marichell Cooper who relayed to us that Damon Patterson was in the rear bedroom using narcotics and refused to leave her residence.  Cooper also stated that Patterson was armed with a handgun.

5.      Ms. Cooper escorted us to the rear bedroom and unlocked the door.  We observed Patterson standing with a firearm in his hand in the "gun ready" position facing us.

6.      We ordered Patterson to drop his weapon and attempted to place him under arrest at which time he charged at us and threw us to the ground.

7.      A struggle ensued between myself, Officer Hickman and Patterson which led us outside the residence.

8.      Patterson continued to fight and resist arrest causing injuries to Officer Hickman and myself.  I deployed my Taser twice in an attempt to subdue Patterson.

9.      Officer Hickman called other officers to assist us and Sgt. Bradley Wax and Det. Wesley Humbles arrived on the scene.

10.     They also attempted to subdue Patterson to no avail.  A Taser, pepper spray and baton was used as non-lethal methods to subdue Patterson for fear of officer safety and the safety of others, but he continued to resist and fight with the officers.

11.     Patterson was subsequently subdued by Officer Humbles on the ground and we arrested him for violating LSA-R.S. 14:95.1 felon in possession of a firearm; LSA-R.S. 14:34.2, battery on a police officer (3 counts); LSA-R.S. 40:967 C, possession of cocaine; LSA-R.S. 40:1023, possession of drug

paraphernalia; and LSA-R.S. 14:108, resisting arrest; LSA-R.S. 14:56, simple criminal damage to property; and LSA-R.S. 14:103, disturbing the peace.

12.    I testified at the trial of Damon Patterson on August 15, 2012 and he was found guilty of LSA-R.S. 14:95.1 and LSA-R.S. 14:108.2, resisting arrest by force or violence.  He was subsequently sentenced to serve twelve (12) years at hard labor for violating LSA-R.S. 14:95.1 and two years at hard labor for resisting arrest with force or violence.[8]

Similarly, defendant Humbles stated in his affidavit:

3.    On October 4, 2011 I was assigned to the Fourth District as a Patrol Officer when I was dispatched to 1218 Kabel Dr., New Orleans to assist other officers in the arrest of Damon Patterson ("Patterson").

4.    When I arrived on the scene, I observed Patterson outside of the residence resisting arrest.  I heard officers giving Patterson verbal commands to stop, but he refused to comply.

5.    Officers Jason Hickman, Theresa Morris and Sgt. Bradley Wax were already on the scene when I arrived.  Officer Hickman appeared to have been injured during his struggle with Patterson and Officer Morris appeared to have deployed her Taser.

6.    I intervened in an attempt to assist the officers in subduing Patterson who was still violently and aggressively resisting arrest.  I was finally able to apprehend and handcuff Patterson with the assistance of other officers.[9]

The defendants have also supplied the Court with a minute entry from the Orleans Parish

Criminal District Court confirming that plaintiff was in fact convicted at his trial of August 15, 2012,

---

[8]    Rec. Doc. 66-4, pp. 38-40.

[9]    Rec. Doc. 66-4, pp. 41-42.

of the charges of possession of a firearm by a convicted felon and resisting a police officer with force or violence.[10]

In the motion for summary judgment, Police Officers Bradley Wax, Theresa Morris, Jason Hickman, Wesley Humbles, and Raphael Dobard argue that the claims against them are barred by Heck v. Humphrey, 512 U.S. 477 (1994). For the following reasons, it is clear that defendants are correct.

In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (footnote omitted). Heck has been extended also to bar claims for declaratory and injunctive relief. See, e.g., Walton v. Parish of LaSalle, 258 Fed. App'x 633, 633-34 (5th Cir. 2007); Collins v. Ainsworth, 177 Fed. App'x 377, 379 (5th Cir. 2005); Shaw v. Harris, 116 Fed. App'x 499, 500 (5th Cir. 2004).

In that plaintiff's current claims protesting his innocence directly conflict with the guilty verdicts resulting from his arrest, a judgment in his favor in this federal Court would necessarily

---

[10]   Rec. Doc. 66-5, pp. 1-2.

imply the invalidity of his convictions in state court.  Therefore, <u>Heck</u> bars his false arrest claims until such time as he obtains a favorable disposition on the charges for which he was arrested and currently stands convicted.  <u>See</u> <u>Walter v. Horseshoe Entertainment</u>, 483 Fed. App'x 884, 887 (5th Cir. 2012) ("In order to support a claim for unlawful arrest, a plaintiff must show that he was arrested without probable cause. Here, the plaintiffs were arrested for crimes of which they were ultimately convicted. <u>Heck</u> therefore bars recovery for the false arrest claim, because the conviction necessarily implies that there was probable cause for the arrest." (citation omitted)); <u>see also</u> <u>Queen v. Purser</u>, 109 Fed. App'x 659, 660 (5th Cir. 2004); <u>Wells v. Bonner</u>, 45 F.3d 90, 95 (5th Cir.1995); <u>Birgans v. Louisiana</u>, Civ. Action No. 09-0926, 2010 WL 2428026, at *2-4 (W.D. La. Apr. 26, 2010), <u>adopted</u>, 2010 WL 2485958 (W.D. La. June 10, 2010), <u>appeal dismissed</u>, 411 Fed. App'x 717 (5th Cir. 2011); <u>Jordan v. Strain</u>, Civ. Action No. 09-3565, 2009 WL 2900013, at *2 n.4 (E.D. La. Aug. 28, 2009); <u>Landor v. Hogue</u>, Civ. Action No. 07-9171, 2008 WL 243950, at *3 (E.D. La. Jan. 25, 2008).  The same is true with respect to any related false imprisonment claim.  <u>Vann v. Gilbert</u>, 482 Fed. App'x 876, 880 (5th Cir.), <u>cert. denied</u>, 133 S.Ct. 549 (2012); <u>Jackson v. Terrell Police Department</u>, Civ. Action No. 3:09-CV-2307, 2010 WL 183935, at *2-3 (N.D. Tex. Jan. 19, 2010); <u>Burgo v. Ruiz</u>, Civ. Action No. 09-1165, 2009 WL 5108390, at *2-3 (W.D. La. Dec. 15, 2009); <u>Landor</u>, 2008 WL 243950, at *3.    <u>Heck</u> likewise bars a related illegal search and seizure claim.  <u>See</u> <u>Johnson v. Bradford</u>, 72 Fed. App'x 98, 99 (5th Cir. 2003); <u>Hall v. Lorenz</u>, No. 02-50312, 2002 WL 31049457 (5th Cir. Aug. 30, 2002); <u>Idel v. New Orleans Police Department</u>, Civ. Action No. 11-1078, 2012 WL 860380, at *3 (E.D. La. Mar. 13, 2012).  Lastly, because one of his convictions was for resisting arrest, plaintiff's excessive force claims are also barred by <u>Heck</u>.  <u>Walter</u>, 483 Fed.

App'x at 887; <u>Walker v. Munsell</u>, 281 Fed. App'x 388, 390 (5th Cir. 2008); <u>Thomas v. Louisiana State Police</u>, No. 98-30234, 1999 WL 46959 (5th Cir. Jan. 26, 1999); <u>Idel</u>, 2012 WL 860380, at *3-4.

Accordingly,

**IT IS ORDERED** that defendants' "Motion to Stay Case," Rec. Doc. 50, is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' "Motion to Dismiss Pursuant to Fed. Rule Civ. Proc. 12(c) & Alternatively Motion for Summary Judgment Pursuant to Fed. Rule Civ. Proc. 56," Rec. Doc. 66, is **GRANTED IN PART AND DENIED IN PART**.  The motion is **GRANTED** with respect to the request for summary judgment on the claims against Bradley Wax, Theresa Morris, Jason Hickman, Wesley Humbles, and Raphael Dobard, and **IT IS ORDERED** that those claims are **DISMISSED WITH PREJUDICE** to their being asserted again until the <u>Heck</u> conditions are met.  The motion is **DENIED AS MOOT** with respect request for dismissal of the claims against the City of New Orleans and the New Orleans Police Department, in that those claims have already been dismissed.

New Orleans, Louisiana, this nineteenth day of February, 2013.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**